UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:18cr61-MCR

JEREMY RANDONE HARPER-JILES
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the Court upon the United States of America's Motion for a Preliminary Order of Forfeiture for the following property:

**One New England Firearms Pardner 20 gauge shotgun with a sawed off short barrel.**

WHEREAS, on June 19, 2018, a Federal Grand Jury sitting in the Northern District of Florida issued a two-count Indictment against the defendant, charging him in Count One with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2); and in Count Two with possession of an unregistered firearm, in violation of Title 26, United States Code, Sections 5861(d) and 5871; and

WHEREAS, the Indictment included a Criminal Forfeiture provision, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 26, United States Code, Section 5872, which put the defendant on notice that the United States

1

would seek to forfeit the above-described property as property involved in the offenses alleged in Counts One and Two; and

WHEREAS, on August 2, 2018, the defendant pled guilty to Counts One and Two of the Indictment. As part of his guilty plea, the defendant agreed that his sentence included the forfeiture of all forfeitable assets which included the above-described property; and

WHEREAS, being fully advised in the premises, the Court finds, based on the evidence already in the record and that the above listed property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 26, United States Code, Section 5872, that the government has established the requisite nexus between such property and the offenses to which he pled guilty; and

ACCORDINGLY, it is hereby ORDERED that based on the foregoing, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant's interest in the assets identified above is hereby forfeited to the United States for disposition according to law.

It is FURTHER ORDERED that, upon the entry of this Order, the United States is authorized to seize the assets above, whether held by the defendant or by a

would seek to forfeit the above-described property as property involved in the offenses alleged in Counts One and Two; and

WHEREAS, on August 2, 2018, the defendant pled guilty to Counts One and Two of the Indictment. As part of his guilty plea, the defendant agreed that his sentence included the forfeiture of all forfeitable assets which included the above-described property; and

WHEREAS, being fully advised in the premises, the Court finds, based on the evidence already in the record and that the above listed property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 26, United States Code, Section 5872, that the government has established the requisite nexus between such property and the offenses to which he pled guilty; and

ACCORDINGLY, it is hereby ORDERED that based on the foregoing, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant's interest in the assets identified above is hereby forfeited to the United States for disposition according to law.

It is FURTHER ORDERED that, upon the entry of this Order, the United States is authorized to seize the assets above, whether held by the defendant or by a

third party, and to conduct any discovery necessary in identifying, locating or disposing of the property subject to forfeiture, in accordance with Federal Rules of Criminal Procedure, Rule 32.2(b)(3).

It is FURTHER ORDERED that, upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

It is FURTHER ORDERED that, in accordance with the law, the United States shall cause to be published at least once, notice of this Order, notice of its intent to dispose of the property in such manner as the Attorney General (or a designee) may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the aforementioned property must file a petition with the Court within thirty (30) days of the final publication of the notice, or within sixty (60) days of the first date of publication on an official internet government forfeiture site at www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the above-described property.

It is FURTHER ORDERED that any person, other than the above-named defendant, asserting a legal interest in the above-described property may, within thirty days of the Final Publication of Notice or Receipt of Notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of

his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to Title 28, United States Code, Section 2461(c), which incorporates Title 21, United States Code, Section 853(n).

It is FURTHER ORDERED that pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

It is FURTHER ORDERED that any petition filed by a third party asserting an interest in the subject property shall be signed by petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, the title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

It is FURTHER ORDERED that after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

It is FURTHER ORDERED that the United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) (which is incorporated by Title 28, United States Code, Section 2461(c)) for the filing of third party petitions.

It is FURTHER ORDERED that the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: October 30, 2018.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**